**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0769-16T3

NEW JERSEY CHINESE COMMUNITY
CENTER,

     Plaintiff-Appellant,

  v.

CENTRAL JERSEY COLLEGE PREP
CHARTER SCHOOL,

     Defendant-Respondent.

_____

        Argued November 14, 2017 — Decided December 1, 2017

        Before Judges Fisher, Fasciale and Sumners.

        On appeal from Superior Court of New Jersey,
        Law Division, Somerset County, Docket No.
        L-1444-15.

        Cynthia M. Hwang argued the cause for
        appellant.

        Arthur L. Skaar, Jr., argued the cause for
        respondent.

PER CURIAM

    The trial of this tenancy action focused on a disagreement

about the scope of the premises leased by plaintiff New Jersey

Chinese Community Center (landlord) to defendant Central Jersey

College Prep Charter School (tenant). At the trial's conclusion, the judge recognized that the written lease's description of the premises was ambiguous, and he found, based on the parties' intentions and their subsequent actions, that the disputed area was part of the leased premises. Because our standard of review compels deference to the trial judge's findings of fact, <u>Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am.</u>, 65 <u>N.J.</u> 474, 484 (1974), we affirm the dismissal of the landlord's tenancy action substantially for the reasons set forth by Judge Kevin M. Shanahan in his well-reasoned written decision.

The judge found that the landlord owns a building on Schoolhouse Road in Somerset. Part of that building was leased to the tenant in 2008. The parties' written lease defines the leased premises as "some 45,000 square feet [of] space and facilities of the southern portion of the building"; in attempting to elaborate, "[a] copy of the floor plan indicating the space is hereto attached and highlighted" was appended. This floor plan depicted areas that were highlighted in both yellow and red. There is no dispute that the yellow-highlighted area was leased to the tenant and that un-highlighted areas were not leased. Only a single red-highlighted area was disputed: the landlord claims the red area was not leased, and the tenant claims it was.

Judge Shanahan found the lease failed to provide an unambiguous designation of the leased premises. The lease did not clearly express whether the red area was within or without the leased area. For example, the lease didn't declare that the leased premises are or are not "highlighted in yellow" or "that the area in red" is or is not "part of the leased premises." The lease stated only that the leased premises were "highlighted." This unclear description created the ambiguity the judge was required to resolve through an examination of parol evidence and an application of the common law's familiar canons of contract interpretation.

The judge observed, as the Court held in Tessmar v. Grosner, 23 N.J. 193, 201 (1957), that, in ascertaining the contracting parties' common intentions, he was required to consider "the relations of the parties, the attendant circumstances, and the objects they were trying to attain" with an understanding that the lease "must be construed in the context of the circumstances under which it was entered into"; in addition, because of the ambiguity, the judge was required to "accord[]" the contract "a rational meaning in keeping with the express general purpose."

Judge Shanahan ultimately endorsed the tenant's contention that the disputed area — the area highlighted in red — was part of the leased premises. The judge first recognized that another

paragraph in the lease obligated the tenant "to be responsible for cost of approvals and construction for interior alterations affecting the leased premises," and the sentence that immediately followed in that same paragraph contained the landlord's agreement "to permit [t]enant to construct a gymnasium." Finding a relationship between these provisions, the judge found that "shortly after the [l]ease's inception" the tenant "began to physically convert" a portion of the leased premises "into a gymnasium." And he further linked that agreement and those actions to the disputed area because the disputed area was the only conceivable space that had "ceilings high enough for a gymnasium." In short, the landlord promised that the tenant could construct a gymnasium in the leased premises and the only area that could be so converted was the disputed area highlighted in red; if that were not so, the authorization given by the landlord to the tenant to physically convert a portion of the property into a gym would have been nonsensical. Judge Shanahan also determined that the disputed, red-highlighted area was in fact used by the tenant as a gymnasium from the lease's outset — a finding that further illuminated the parties' agreement about the scope of the leased premises. In short, the events that followed the lease's commencement fully supported the judge's determination that the parties intended from the beginning that the disputed area fell

within the original description of the leased premises. Michaels v. Brookchester, Inc., 26 N.J. 379, 388 (1958) (recognizing that "[w]here ambiguity exists, the subsequent conduct of the parties in the performance of the agreement may serve to reveal their original understanding"). Any other interpretation, in light of the parties' conduct, would have rendered meaningless the provisions regarding the conversion of portions of the leased premises and the obligation of the tenant to obtain approval for any modifications.

For these reasons, as well as the findings the judge made in examining the later lease amendments and the conduct of the parties starting in 2013, the judge concluded that the disputed, red-highlighted area was part of the leased premises. Those findings command our deference. Rova Farms, supra, 65 N.J. at 484. Because the resolution of the dispute about the scope of the leased premises was determinative of the landlord's cause of action, the judge properly dismissed the complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-0769-16T3